UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOSEPHINE DRAKEFORD,                          :   CV-07-3488 (LBS)

                         Plaintiff,       :

             -against-                       :   **NOTICE OF MOTION**

CENTER ONE FINANCIAL SERVICES,               :

                     Defendants.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      **PLEASE TAKE NOTICE** that upon the annexed Affirmation of John D. Morio, Esq.,

dated August 6, 2007, together with exhibits, the annexed statement of material facts pursuant to

Rule 56.1 of the Local Civil Rules of the Southern and Eastern Districts of New York, the

accompanying memorandum of law, dated August 1, 2007, and all the prior proceedings had

herein, the defendant, Center One Financial Services, LLC (sued herein as Center One Financial

Services) by its attorneys, will move this court, located at 500 Pearl Street, New York, New York

10007, on the **6th day of September 2007** at 9:30 o'clock in the forenoon of that day, or as soon

thereafter as counsel may be heard, for an order pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure, dismissing the plaintiff's complaint on the grounds that it fails to state a cause

of action upon which relief may be granted and for such other and further relief as this Court

may deem just, proper and equitable under the circumstances.

Dated: New York, New York
       August 6, 2007

                              Yours, etc.,

              WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                              _____
                              By: John D. Morio (JM 9588)
                              *Attorneys for the Defendant*
                              150 East 42nd Street
                              New York, New York 10017-5639
                              Tel. No.: (212) 490-3000
                              File No.: 04575.00056

To:    JOSEPHINE DRAKEFORD
       *Plaintiff Pro Se*
       55 E. 99th Street, #8D
       New York, New York 10029
       Tel No.: (646) 672-1995

1624719.1

UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOSEPHINE DRAKEFORD,                              :    CV-07-3488 (LBS)

                                    Plaintiff,    :

             -against-                            :

CENTER ONE FINANCIAL SERVICES,                    :

                                   Defendants.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        **JOHN D. MORIO, ESQ.,** pursuant to 28 U.S.C. § 1746, declares as follows:

1.     I am a member of the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for Defendant, Center One Financial Services, LLC (sued herein as Center One Financial Services) and as such I am fully familiar with the facts and circumstances of this action.

2.     I submit this declaration, along with exhibits set forth herein, in support of defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

3.     Attached as Exhibit "A" is a true and correct copy of the plaintiff's summons and complaint, dated February 28, 2007, and the exhibits attached to, and referenced in, the plaintiff's complaint.

4.     Attached hereto as Exhibit "B" is a true copy of the contract signed by the plaintiff for the purchase of a Model Year 2006, Mitsubishi Outlander automobile with vehicle identification number JA4LZ31F56U003656. .

5.     Attached hereto as Exhibit "C" is a copy of the Notice of Recorded Lien for the vehicle in question in this matter filed by Mitsubishi Motors Credit of America.

6.     Attached hereto as Exhibit "D" is a sworn affidavit signed by Lawrence Stegall an employee of Center One Financial Services, LLC.


Dated: White Plains, New York
       August 6, 2007

                                  _____
                                   JOHN D. MORIO, ESQ.

# Exhibit "A"

Case 1:07-cv-02488-LBS   Document 4   Filed 03/06/2007   Page 1 of 27

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE SAND

—————————————————————— X

JOSEPHINE DRAKEFORD,

                        Plaintiff,

07 CV 2488

       against —

COMPLAINT

CENTER ONE FINANCIAL SERVICES,

                      Defendant.

# 2

—————————————————————— X

RECEIVED
MAR 0 6 2007
PRO SE OFFICE

JOSEPHINE DRAKEFORD, the plaintiff pro se, residing at 55 East 99th St., Apt. 8D, New York, 10029, complains of the defendant and alleges upon information and belief as follows:



AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE

PLAINTIFF, JOSEPHINE DRAKEFORD

FIRST: That defendant, CENTER ONE FINANCIAL SERVICES, is a debt collector, whose CEO is Brent Burns, and whose main place of business is 190 Jim Moran Boulevard, Deerfield Beach, Florida, 33442-1702. Defendant is duly licensed to engage in interstate commerce across the United States (Exhibit B).

SECOND: That defendant maliciously made false statements to a credit reporting agency, TransUnion. Such information is injurious to plaintiff because it identifies her as a bad debt (Exhibit A). Plaintiff had written letters to defendant explaining what had transpired with the car transaction and efforts to resolve this matter failed (Exhibit B).

THIRD: That by reason of the above stated facts, the defendant, its agents, servants and employees is liable to this plaintiff in strict tort.

1

FOURTH:  That as a result of the aforesaid this plaintiff suffered damages because libelous information has been supplied to credit reporting agencies by defendant. Intended to ruin plaintiff's credit standing and prevent her from buying property and obtaining credit.  Special damages have resulted as in <u>Brown v Bethlehem Terrace Associates,</u> 136 AD2d 222, 525, NYS2d 978.   Plaintiff asks to be awarded special damages in the sum of $30,000.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, JOSEPHINE DRAKEFORD

FIFTH:  This plaintiff repeats and reiterates all the allegations contained in paragraphs numbered "FIRST" through "FOURTH" inclusive, with the same force and effect as though fully set forth at length herein, and that defendant has interfered with the economic relations of plaintiff and has portrayed her as a cheater.  The case of <u>Al Raschid v News Syndicate Co.,</u> 265 NY 1, 191 NE 713.

SIXTH:  That by reason of the above stated facts, the defendant, its agents, servants and employees are liable to this plaintiff in strict tort.

SEVENTH:  That as a result of the aforesaid this plaintiff has suffered damages to credit standing and seeks an award of punitive damages in the sum of $30,000.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF JOSEPHINE DRAKEFORD

EIGHTH:  This plaintiff repeats and reiterates all the allegations contained in paragraphs numbered "FIRST" through "SEVENTH" inclusive, with the same force and effect as though fully set forth at length herein  The constitutional rights of plaintiff have

2

also been violated, Amendment IV "the right of the people to be secure in their persons, houses, papers, and effects." Plaintiff cannot feel secure in her home knowing that for the rest of her life she will be denied credit because of defendant's actions. Also, a bad credit rating will prevent plaintiff from even renting a dwelling. Because defendant engages in interstate commerce 15A Am Jur 2d Sec. 7 says "Interstate commerce is controlled by the applicable acts of Congress governing the rights of the parties to such transactions, <u>Atlantic Cleaners & Dyers v. U.S.</u> 286 U.S. 427, 52 S. Ct. 607, 76 L.Ed. 1204 (1932). What constitutes interstate commerce is a federal question controlled by decisions of the United States Supreme Court, <u>Milton S. Kronheim & Co., Inc. v. District of Columbia,</u> 91 F. 3d 193 (D.C. Cir. 1996).

NINTH: That by reason of the above stated facts, the defendant, its agents, servants and employees are liable to this plaintiff in strict tort.

TENTH: That as a result of the aforesaid this plaintiff suffered damages because the constitutional rights of plaintiff have also been violated--Amendment IV "the right of the people to be secure in their persons, houses, papers, and effects." Plaintiff asks to be awarded special damages in the sum of $30,000.

AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF THE

PLAINTIFF, JOSEPHINE DRAKEFORD

ELEVENTH: This plaintiff repeats and reiterates all the allegations contained in paragraphs numbered "FIRST" through "TENTH" inclusive, with the same force and effect as though fully set forth at length herein. Defendant joined together with Five Towns Mitsubishi, planned, and conspired to extort money from plaintiff, claiming that such was owed for a Mitsubishi Outlander, No. JA4LZ31F56U003656 (Exhibit C). Five

3

Towns Mitsubishi, defendant's co-conspirator, did not request a down payment. On 11-9-05 plaintiff and son received this voucher (Exhibit D) from defendant's co-conspirator, Five Towns Mitsubishi whose address is 550 Burnside Ave., Inwood, New York 11096 for $24,998.00. We believed this would go towards the payment of this van. It did not. Exhibit C shows the total coast $42,103.76.

About three weeks later, plaintiff's son told her the van was in an accident. It was taken to Potamkin Mitsubishi (Exhibit E) at 706 11th Ave., at 50th Street, New York, New York. Plaintiff's son was told the van would be treated as a rental by Potamkin Mitsubishi. Plaintiff never saw the van again. She received mail asking for payment and told Five Towns Mitsubishi she could not find work. Defendant knew Five Towns Mitsubishi engages in unlawful business practices using these vouchers to get the unwary trapped. Defendant knew Five Towns Mitsubishi uses this technique to induce the unwary to sign contrasts to their detriment.

This unconscionable dealing, especially having plaintiff sign a contract, was an unfair use of power arising out of plaintiff's ignorance in believing the voucher at face value. Defendant knew Five Towns Mitsubishi sends these vouchers out, knowing that people like plaintiff, out of ignorance would think $24,000 was being deducted.

Defendant also knew its co-conspirator, Five Towns Mitsubishi, sold the van at auction, and plaintiff only learned of this by writing to the Department of Motor Vehicles, asking that they force Five Towns Mitsubishi to explain what was happening. Also defendant and its co-conspirator, Five Towns Mitsubishi knew the van had been repossessed. Both agreed and understood that not only the sale, but the repossession of the vehicle—done surreptitiously--were unlawful. Both knew their purpose and method

4

of obtaining money from plaintiff were unlawful. They knew plaintiff would have an unfavorable credit report from the three credit reporting agencies and would be unable to secure credit and purchase a home. They agreed and understood that each would act in concert with the other to achieve this unlawful purpose. Defendant and Five Towns Mitsubishi undertook these actions with malice and intent to injure plaintiff. The action of defendant and Five Towns Mitsubishi were done pursuant to and in furtherance of the common scheme, as illustrated in Wolf v. Liberis (1987), 153 Ill. App.3d 488, 496, 106 Ill. Dec. 411, 505 N.E.2d 1202, 1208. Defendant and Five Towns Mitsubishi combined to accomplish an unlawful purpose (mailing out vouchers, deceiving the unwary into believing that the voucher would be a down payment on a vehicle) by lawful means (debt collection). This is what Smith v. Eli Lily and Co. (1990), 137 Ill. 2d 222, 235, 148 Ill. Dec. 22, 27 560 N.E. 2d 324, 329 addresses.

It was only through the intervention of the Department of Motor Vehicles that plaintiff learned that (a) the vehicle was repossessed and (b) it had been resold at auction. Defendant and its co-conspirator, Five Towns Mitsubishi, were still demanding that plaintiff pay them for this van.

TWELFTH: That by reason of the above stated facts, the defendant, its agents, servants and employees are liable to this plaintiff in strict tort.

THIRTEENTH: That as a result of the aforesaid this plaintiff suffered damages because the constitutional rights of plaintiff have also been violated--Amendment IV "the right of the people to be secure in their persons, houses, papers, and effects." Plaintiff asks to be awarded special damages in the sum of $30,000.

5

## JURISDICTION

The United States District Court has jurisdiction because of the violation of Amendment IV "the right of the people to be secure in their persons, houses, papers, and effects. Amendment IV "the right of the people to be secure in their persons, houses, papers, and effects. Also, defendant engages in interstate commerce throughout the United States and the dealing in interstate commerce raises several federal questions. Additionally, some of the damages that are due plaintiff total at least $120,000.

WHEREFORE plaintiff prays the court for judgment against defendant as follows:

(a) Discontinuance of unlawfully portraying plaintiff as a cheater.

(b) Discontinuance of harassing plaintiff through phone calls and letters.

(c) Enjoin defendant from committing any further acts in furtherance of the unlawful practice of conspiring with others to mail vouchers out to unwary people that they can get vehicles with vouchers worth over $24,000.

(d) Award plaintiff compensatory and incidental damages recovery for being victimized through mail fraud and award plaintiff the sum of $120,000.

(e) Award plaintiff the right to proceed in forma pauperis, the right to appeal, together with such other relief, not necessarily limited to pecuniary relief, as the court may deem plaintiff entitled to receive.

Dated:  New York, N. Y.

February 28, 2007

JOSEPHINE DRAKEFORD
Plaintiff Pro Se
55 E. 99th St. #8D
New York, N. Y. 10029
Tel. No. 1-646-672-1995

6

Page: 1 of 7
Date Issued: 11/22/2006

TransUnion.

## Personal Information

**Name:**          JOSEPHINE DRAKEFORD

**SSN:**                    XXX-XX-8284
**Date of Birth:**          04/1942
**Telephone:**              672-1995
Your SSN is partially masked for your protection.

You have been on our files since 10/1962

## CURRENT ADDRESS

**Address:**       55 E 99TH ST 8D
                   NEW YORK, NY 10029
**Date Reported:** 11/1994

## PREVIOUS ADDRESS

**Address:**       1465 MADISON AV
                   NEW YORK, NY 10029
**Date Reported:** 12/1994

## EMPLOYMENT DATA REPORTED

| | | | |
|---|---|---|---|
| **Employer Name:** | DIV OF PAROLE RETIRED | **Position:** | |
| **Date Reported:** | 01/2006 | **Hired:** | |
| **Employer Name:** | SEMI RETIRED | **Position:** | |
| **Date Reported:** | 10/2001 | **Hired:** | |
| **Employer Name:** | SEMI RETIRED | **Position:** | |
| **Date Reported:** | 01/2001 | **Hired:** | |
| **Employer Name:** | DIV OF PAROLE | **Position:** | |
| **Date Reported:** | 03/1999 | **Hired:** | |

**Special Notes:** Your Social Security number has been masked for your protection. You may request disclosure of the full number by writing to us at the address found at the end of this report. Also, if any item on your credit report begins with 'MED1', it includes medical information and the data following 'MED1' is not displayed to anyone but you except where permitted by law.

## Account Information

The key to the right helps explain the payment history information contained in some of the accounts below. Not all accounts will contain payment history information, but some creditors report how you make payments each month in relation to your agreement with them.

| N/A | X | OK | 30 | 60 | 90 | 120 |
|---|---|---|---|---|---|---|
| Not Applicable | Unknown | Current | 30 days late | 60 days late | 90 days late | 120 days late |

## Adverse Accounts

The following accounts contain information which some creditors may consider to be adverse. Adverse account information may generally be reported for 7 years from the date of the first delinquency, depending on your state of residence. The adverse information in these accounts has been printed in >brackets< or is shaded for your convenience, to help you understand your report. They are not bracketed or shaded this way for creditors. (Note: The account # may be scrambled by the creditor for your protection).

**CENTERONE FINANCIAL SVS** #8410000000941488

PO BOX 4422
BRIDGETON, MO 63044
(314) 702-4060

**Loan Type:** AUTOMOBILE
**Remarks:** >PROFIT AND LOSS WRITEOFF<

| | |
|---|---|
| **Balance:** | $24,953 |
| **Date Updated:** | 10/2006 |
| **High Balance:** | $29,187 |
| **Credit Limit:** | $0 |
| **Past Due:** | >$24,953< |

| | |
|---|---|
| **Pay Status:** | >CHARGED OFF AS BAD DEBT< |
| **Account Type:** | INSTALLMENT ACCOUNT |
| **Responsibility:** | INDIVIDUAL ACCOUNT |
| **Date Open:** | 11/2005 |
| **Date Closed:** | 03/2006 |

PLAINTIFF'S EXHIBIT



Better Business Bureau of Southern Piedmont, Inc.
13860 Ballantyne Corp. Pl. Ste. 225
Charlotte, NC 28277
Tel: (704) 927-8611    Fax: (704) 927-8615

April 18, 2006

Josphine Drakeford
5 East 99th St. #8D
New York, NY 10029

RE: Case # 344519 : Center One Financial Services LLC

Thank you for contacting the Better Business Bureau. Your complaint was received by the Bureau on April 17, 2006 and has been assigned case# **344519** in our files. Please make a note of this number for future reference.

Your complaint has been applied to the following business:
**Center One Financial Services LLC**
6150 Omni Park Drive
Mobile, AL 36609

The case has been reviewed and has now been forwarded to the business for their response. This business has until May 2, 2006 to respond to your complaint. You may contact our office after May 2, 2006 to check the status of your complaint.

We also encourage you to use our ONLINE COMPLAINT system to keep up with the progress of this complaint. The URL (website address) below will take you directly to this complaint on our website:

**http://bindr.charlotte.bbb.org/complaint/view/344519/c/h1y2j1**

Sincerely,

Sandra McLaughlin
Dispute Resolution Specialist
BBB Complaint Department
smclaughlin@charlotte.bbb.org

PLAINTIFF'S

# FIVE TOWNS MITSUBISHI

550 Burnside Avenue
Inwood, N.Y. 11096
Tel: 516-371-9800
Fax: 516-371-0536

5784

| DATE | INVOICE NO. | STOCK NO. |
|---|---|---|
| 11/09/2005 | 1927 | 60T1118 |

SALESMAN NUMBER 3693

SOLD TO: JOSEPHINE DRAKEFORD
ADDRESS: 55 EAST 99TH STR
NEW YORK NY 10029

CUST# 5784

| YEAR | MAKE | MODEL | NEW or USED | VEHICLE IDENT. OR SERIAL NO. |
|---|---|---|---|---|
| 2006 | MITSUBISHI | OUTLANDER | NEW | JA4LZ31F56U003656 |

SALESMAN: MAX

NEW 30034 MILEAGE 3

OPTIONAL EQUIPMENT: THEFT BENEFIT PKG.

WARRANTY: DAIMLER-CHRYSLER $100 Deductible
36/36000 Miles

CUSTOMER AGREES TO ABOVE PURCHASE AND ANY APPLIED FEES

X _____

| DESCRIPTION | SALE |
|---|---|
| NEW TRUCK RE | 23784.00 |
| AIM ACCESSOR | 2389.00 |
| WARRANTY DAII | 995.00 |
| DOC FEE | 45.00 |
| NY INSPECTION | 37.00 |
| USED CARS-RETAIL | |
| | |
| TOTAL CASH PRICE | 29687.82 |
| SALES TAX | 2275.3 |
| LICENSE & TITLE | 150.00 |
| TIRE TAX | 12.50 |
| | 12415.94 |
| | N/A |
| TOTAL TIME PRICE | 42103.7 |
| FINANCING | |
| CASH ON DELIVERY | 500.00 |
| /REBATE | N/A |
| PAY OFF BAL OWING TO FINANCE CO. | N/A |
| USED CAR ALLOWANCE | N/A |
| PAYMENTS | N/A |
| MONTHS 72 @ DOLLARS 577.86 PER MONTH | |
| | 41603.76 |
| TOTAL | 42103.76 |

"Dealer's optional fee for processing application for registration and/or certificate of title, and for securing special or distinctive plates (if applicable), THIS IS NOT A DMV FEE *$45.00*

*THE OPTIONAL DEALER REGISTRATION OR TITLE APPLICATION PROCESSING FEE ($45.00 MAXIMUM) AND SPECIAL PLATE PROCESSING FEE ($5.00 MAXIMUM) USED BY THE NEW YORK STATE OR DEPARTMENT OF MOTOR VEHICLES FEES, UNLESS A LIEN IS BEING RECORDED OR THE DEALER ISSUED NUMBER PLATES, YOU MAY SUBMIT YOUR OWN APPLICATION FOR REGISTRATION AND/OR CERTIFICATE OF TITLE OR FOR A SPECIAL OR DISTINCTIVE PLATE TO ANY MOTOR VEHICLE ISSUING OFFICE.

The seller, hereby expressly disclaims all warranties, either expressed or implied, including any implied warranty of merchantability or fitness for a particular purpose, and neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of said products.

| MILEAGE ON TRADE | MILEAGE ON USED CAR |
|---|---|
| | USED CAR TRADED |
| YEAR | MAKE | MODEL | VEHICLE IDENT. OR SERIAL |
| BODY COLOR | |

AIRPORT AUTO GROUP & DBA
CTM-131-CUST. C05827 D (1198)

NYC • DLR LIC. NO. 7096763

Always Bring Your
Car Here For
Factory Authorized
Service

by Reynolds and Reynolds


PLAINTIFF'S

351 17 M. 02
New York, N.Y. 10029
January 10, 2006

Honorable Eliot Spitzer
Attorney General — State of N.Y.
120 Broadway
New York, N.Y. 10271

Re: 5 Towne Mitsubishi

Sir,

My son recieved a flyer in the mail from the above, stating "you've won a car for $24,000." Out of curiosity, we went to Mitsubishi. They allowed my son to drive out with this SUV without a down payment and to pay as I have a job. (11-9-05).

About three weeks later, I awoke to find my son in the living room saying "the car is totaled." Subsequently, the car was taken to Potanken Mitsubishi @ 706 11 Ave. @ W50 St. N.Y. N.Y. At first my son, Quinten T. Drakeford, was told that the car would be treated as a rental. He was also told that the car could be repaired. I tried to obtain employment and was unsuccessful. I wrote the company that I could not make payment and did not want the car. Now, a finance company is seeking full payment.

Respectfully,
Josephine Drakeford

Enclosures

PLAINTIFF'S EXHIBIT C2

5 TOWNS MITSUBISHI
550 Burnside Ave
Inwood, NY 11096

Pre-Authorized Voucher

Voucher# 468 98 575 Valid

February 4th, 5th & 6th

60501-030354/2HRS0/70541233-587/F56.48745421/0224/7/616884

| AMOUNT | $24, |
|--------|------|

The Sum of up to    'TWENTY FOUR THOUSAND NINE HUNDRED NINETY EIGHT AND 00/100****

****** 5-DIGIT 10029
JOSEPHINE DRAKEFORD
55 E 99TH ST APT 8D
NEW YORK NY 10029-6015

PRSRT STD
U.S. POSTAGE
PAID
NEW BRUNSWICK,NJ
PERMIT #1508

⑈�8954⎒48⎒⑈ ⑈578965514⑈ 458746625872⑈⑈

AUTHORIZED SIGNATURE:
*Mike Kahen*

Non-Negotiable. Not a check. Has no cash value.
One voucher per purchaser per household.
Valid on sale date(s) only.



Serial # 2483792-012

PLAINTIFF'S
EXHIBIT

DCA # 115616

# Gear Automotive & Tire Center, LLC
### 279 10th Avenue
### New York, NY 10001
### (212) 564-2626

8670

VIN 1362

MILEAGE

| | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| J | A | H | C | 2 | 3 | 1 | 5 | 4 | | | 3 | 4 | | | | | | | | | | |

**Name (Person In Charge or Owner)** Quintin Desalvetion

**Street** 55 E 94th St

**City, State & Zip** Man N.Y. 10029

**Year, Make And Model Of Disabled Vehicle** 06 Mitsubishi outlander

**Date Of Service Authorization** 12/5/2005

**Time Of Service**

**Phone**

**State Reg. No.** DLD-3110

**Tow Vehicle**

**TOW VEHICLE OPERATOR'S NAME, PRINT** 

**DEPARTMENT TOW VEHICLE LICENSE NO.**

**D.C.A. LICENSE NO.** 1123274

**NEW YORK STATE REGISTRATION NO.**

**CAUTION:** Read below.

X _Signature_

SIGNATURE OF OWNER OR PERSON IN CHARGE

If you have a complaint concerning charges for towing, or refusal to rent towing services, notify the Department of Consumer Affairs, Complaint Division, 42 Broadway, New York, NY 10004, or dial 311.

**Vehicle Was Towed**

**From:** B'side Park Ave

**To:** 515 & 11th Avenue

**Distance Towed**

**Mileage End**

**Mileage Start**

**Total Distance Towed**

**Charges**

**Rates upon request**

| | | $ |
|---|---|---|
| | **SUB TOTAL** | $ |
| **OTHER CHARGES** | **NEW YORK CITY SALES TAX @ 8½%** | $ |
| | **REQUIRED TOLLS** (TO BE PAID BY PERSON IN CHARGE) | $ |
| **PAY THIS AMOUNT** ▷ | **TOTAL CHARGES** (including Tolls, if Any) | $ |

## Vehicle Check-In & Dent Removal Estimate



**DRIVER SIDE**    (L)    (L)    (R)    **PASSENGER SIDE**    (R)

Show damage location with codes:

PLAINTIFF'S EXHIBIT

# Exhibit "B"

# MITSUBISHI
MOTORS CREDIT OF AMERICA

**RETAIL INSTALLMENT CONTRACT — SIMPLE INTEREST**

| Buyer (and Co-Buyer) — Name and Address (include County and Zip Code) | Creditor (Seller Name and Address) |
|---|---|
| JOSEPHINE .DRAKEFORD<br>55 EAST 99TH STR<br>NEW YORK MANHATTAN NY 10029 | AIRPORT AUTO GROUP INC.<br>DBA FIVE TOWNS MITSUBISHI<br>550 BURNSIDE AVE<br>INWOOD NY 11096    No: 11 2005 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle described below for cash or on credit. The cash price is shown below as "Cash Price." The estimated credit price is shown below as "Total Sale Price." By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract.

**NOTICE TO BUYERS OF USED VEHICLES (AS DEFINED IN THE FTC USED MOTOR VEHICLE TRADE REGULATION RULE):** The information you see on the window form for this vehicle is part of this contract. Information in the window form overrides any contrary provisions in the contract of sale

**Description of Vehicle** You agree to buy and the Creditor agrees to sell the following vehicle

| MOTOR VEHICLE DESCRIPTION | New or Used | Year | Make and Model | | Body Type | | Vehicle Identification No. |
|---|---|---|---|---|---|---|---|
| | NEW | 2006 | MITSUBISHI OUTLANDER | | 4DR SUV LS AWD | | JA4LZ31F56U003656 |
| | ☐ Air Conditioning | | ☐ Radio | ☐ 4-5 Speed Trans. | | ☐ Power Steering | Odometer Miles |
| | ☐ Sun Roof | | ☐ Stereo | ☐ Automatic Trans. | | ☐ Custom Wheels | 3 |
| | Other - Describe | | | | | | |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate | FINANCE CHARGE<br>The dollar amount the credit will cost you | Amount Financed<br>The amount of credit provided to you or on your behalf | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled | Total Sale Price<br>The total cost of your purchase on credit including your down-payment of $ 500.00 [15] |
|---|---|---|---|---|
| 12.29 % | $ 12415.94 | $ 29187.82 | $ 41603.76 | $ 42103.76 |

**Your Payment Schedule Will Be**

| Number of Payments | Amount of Payments | When Payments Are Due | Or as Follows |
|---|---|---|---|
| 72 | 577.83 | Monthly beginning 12/24/2005 | |

**Late Charge.** If any part of a payment is more than 10 days late, you will pay a late charge of 5% of the full amount of the scheduled payment, or $5.00, whichever is greater
**Prepayment** If you pay off all your debt early, you will not have to pay a penalty
**Security** You are giving a security interest in the vehicle being purchased
See the contract documents for any additional information about nonpayment, default, and any required repayment in full before the scheduled date

**ITEMIZATION OF THE AMOUNT FINANCED**

| | |
|---|---|
| 1 Cash Price (including any accessories, and any services and taxes not itemized below) | $ 28448.32 (1) |
| 2 Total Downpayment = Net Trade-in $ N/A  + Cash Downpayment $ 500.00 | |
| Your Trade-in $ _____ _____ _____<br>Year  Make  Model | $ 500.00 (2) |
| 3 Unpaid Balance of Cash Price (1 minus 2) | $ 27948.32 (3) |
| 4 Other Charges Including Amounts Paid to Others on Your Behalf (Creditor may keep part of these amounts *) | |
| A *Cost of Physical Damage Insurance Purchased through Creditor and Paid to the Insurance Company Named Below — Covering Damage to the Vehicle | $ N/A |
| B *Cost of Optional Mechanical Protection Plan Paid to: (insert name) DAIMLER-CHRYSLER | $ 995.00 |
| C *Cost of Optional Credit Insurance Paid to the Insurance Company or Companies Named Below | |
| Life $ N/A  Disability, Accident and Health $ N/A | $ N/A |
| D Official Fees Paid to Public Officials | $ N/A |
| E Taxes Not Included in Cash Price Paid to Public Officials | $ N/A |
| F Government License and/or Registration Fees Paid to Public Officials (Itemize)  INSP | $ 37.00 |
| G Government Certificate of Title Fees Paid to Public Officials | $ 150.00 |
| H *Other Charges (Seller must identify who will receive payment and describe purpose) | |
| to N/A  for N/A | $ N/A |
| to AIRPORT AUTO GROUP INC.  for DEALER PROCESSING FEE | $ 45.00 |
| to THE STATE OF NEW YORK  for NEW YORK TIRE FEE $12.50 | $ 12.50 |
| to N/A  for N/A | $ N/A |
| to N/A  for N/A | $ N/A |
| Total Other Charges and Amounts Paid to Others on Your Behalf | $ 1239.50 (4) |
| 5 Amount Financed — Unpaid Balance (3+4) | $ 29187.82 (5) |

*handwritten: 08/17/06 1990*

**Insurance.** If any insurance is checked below, the policies or certificates issued by the Companies named will describe the terms and conditions.

**Required Physical Damage Insurance.** Physical damage insurance is required, but you may buy it from anyone you want who is acceptable to the Creditor

☐ You have elected to buy the insurance checked below through the Creditor and you agree to pay the additional cost which is shown in 4A of the Itemization above This cost is included in the Amount Financed You understand that you must read the insurance policy for exact coverages and exclusions.

Insurance Company N/A  Term N/A months

CHECK ONE:
☐ $ N/A Deductible Collision  Premium $ N/A
☐ $ N/A Deductible Comprehensive including Fire, Theft and Combined  $ N/A
Additional Coverage
☐ Fire, Theft and Combined Additional Coverage  $ N/A
Total Required Physical Damage Insurance  $ N/A
Optional, if desired — ☐ Towing and Labor Costs  ☐ Rental Reimbursement  $ N/A
☐ CB Radio Equipment
☒ You have bought, or will buy, required coverages through (Insurance Company or Agent) _____

**Optional Mechanical Protection Plan**
☒ You have elected to buy a Mechanical Protection Plan. You agree to pay the additional cost which is shown in 4 of the Itemization above. This cost is included in the Amount Financed
Term ☒ 36 months or 36,000 miles, whichever occurs first
Term ☐ _____ N/A
☐ $25 Deductible ☐ $50 Deductible
☒ $ 100.00 Deductible

**THE INSURANCE, IF ANY, REFERRED TO IN THIS CONTRACT DOES NOT INCLUDE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS.**

**Optional Credit Insurance.** Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost, which will be included in the Amount Financed.

| Type | Premium | Term (months) | Signature |
|---|---|---|---|
| Credit Life | ☐ Single Coverage $ N/A<br>☐ Joint Coverage $ N/A | N/A | I want credit life insurance  Signature |
| Credit Disability | $ N/A | N/A | I want credit disability insurance  Signature |

**CREDIT LIFE AND DISABILITY INSURANCE** If you elect credit insurance coverage and are accepted by the insurance company the terms and conditions will be as described in the policies or certificates issued by the insurance company. The original amount of the decreasing term credit life insurance will not exceed $ N/A.
Credit disability insurance payments will not be more than $ N/A Insurance Company N/A  Insurance Company N/A
**LIFE AND DISABILITY INSURANCE MAY NOT COVER THE ENTIRE AMOUNT DUE UNDER THIS CONTRACT YOU MUST SEE YOUR POLICY OR CERTIFICATE FOR EXACT COVERAGE**

YOU UNDERSTAND THAT THE CREDITOR OR HOLDER OF THIS CONTRACT EXPECTS TO PROFIT FROM THE SALE OF INSURANCE YOU CONSENT TO THIS

RECEIPT OF GOODS AND PROMISE TO PAY You agree that you have received the vehicle and/or services described above, and have accepted delivery of the vehicle in good condition You promise to pay to the Creditor at its address shown above the Amount Financed plus interest at the Annual Percentage Rate until paid in full in monthly payments as shown above. The terms of this contract are printed on both sides of this document

NOTICE TO THE BUYER: 1. Do not sign this contract before you read it or if it contains any blank space  2 You are entitled to a completely

| The cost of your credit as a yearly rate | The dollar amount the credit will cost you | The amount of credit provided to you or on your behalf | The amount you will have paid after you have made all payments as scheduled | The total cost of your purchase on credit including your down payment of $ 500.00 |
|---|---|---|---|---|
| 12.29 % | $ 12415.94 | $ 29187.82 | $ 41603.76 | $ 42103.76 |

**Your Payment Schedule Will Be**

| Number of Payments | Amount of Payments | When Payments Are Due | Or as Follows |
|---|---|---|---|
| 72 | 577.83 | Monthly beginning 12/24/2005 | |

**Late Charge.** If any part of a payment is more than 10 days late, you will pay a late charge of 5% of the full amount of the scheduled payment, or $5.00, whichever is greater
**Prepayment** If you pay off all your debt early, you will not have to pay a penalty
**Security** You are giving a security interest in the vehicle being purchased
See the contract documents for any additional information about nonpayment, default, and any required repayment in full before the scheduled date

**ITEMIZATION OF THE AMOUNT FINANCED**
1 Cash Price (including any accessories, and any services and taxes not itemized below)  .................  $ 28448.32 (1)

2 Total Downpayment =  Net Trade-in $ __N/A__ + Cash Downpayment $ 500.00
   Your Trade-in is a _____ _____ _____  .................  $ 500.00 (2)
                        Year    Make    Model

3 Unpaid Balance of Cash Price (1 minus 2)  .................  $ 27948.32 (3)

4 Other Charges Including Amounts Paid to Others on Your Behalf (Creditor may keep part of these amounts *)
A *Cost of Physical Damage Insurance Purchased through Creditor and Paid to the Insurance
   Company Named Below — Covering Damage to the Vehicle  .................  $ N/A

B *Cost of Optional Mechanical Protection Plan Paid to:
   (insert name) DAIMLER-CHRYSLER  .................  $ 995.00

C *Cost of Optional Credit Insurance Paid to the Insurance Company or Companies Named Below
   Life $ __N/A__       Disability, Accident and Health $  N/A  .................  $ N/A
D Official Fees Paid to Public Officials  .................  $ N/A
E Taxes Not Included in Cash Price Paid to Public Officials  .................  $ N/A
F Government License and/or Registration Fees Paid to Public Officials (Itemize)  INSP  .................  $ 37.00
G Government Certificate of Title Fees Paid to Public Officials  .................  $ 150.00
H *Other Charges (Seller must identify who will receive payment and describe purpose)
   to __N/A__  for __N/A__  .................  $ N/A
   to AIRPORT AUTO GROUP INC.  for DEALER PROCESSING FEE  .................  $ 45.00
   to THE STATE OF NEW YORK  for NEW YORK TIRE FEE $12.50  .................  $ 12.50
   to __N/A__  for __N/A__  .................  $ N/A
   to __N/A__  for __N/A__  .................  $ N/A
   Total Other Charges and Amounts Paid to Others on Your Behalf  .................  $ 1239.50 (4)

5 Amount Financed = Unpaid Balance (3+4)  .................  $ 29187.82 (5)

**Insurance.** If any insurance is checked below, the policies or certificates issued by the Companies named will describe the terms and conditions.

**Required Physical Damage Insurance.** Physical damage insurance is required, but you may buy it from anyone
you want who is acceptable to the Creditor
☐ You have elected to buy the insurance checked below through the Creditor and you agree to pay the additional
   cost which is shown in 4A of the Itemization above  This cost is included in the Amount Financed  You understand
   that you must read the insurance policy for exact coverages and exclusions.
Insurance Company  N/A                                Term N/A months

                                                       Premium
CHECK ONE:
☐ $ __N/A__ Deductible Collision                      $ __N/A__
☐ $ __N/A__ Deductible Comprehensive including Fire, Theft and Combined   $ __N/A__
            Additional Coverage
☐ Fire, Theft and Combined Additional Coverage        $ __N/A__
   Total Required Physical Damage Insurance           $ __N/A__
Optional, if desired — ☐ Towing and Labor Costs  ☐ Rental Reimbursement  $ __N/A__
                       ☐ CB Radio Equipment
☒ You have bought, or will buy, required coverages through. (Insurance Company or Agent)

**Optional Mechanical Protection Plan**
☒ Yes  have elected to buy a Mechanical
   Protection Plan. You agree to pay the
   additional cost which is shown in 4B of
   the Itemization above  This cost is
   included in the Amount Financed

Term ☒ 36 months or 36,000 miles,
     whichever occurs first

Term ☐              N/A
     ☐ $25 Deductible ☐ $50 Deductible
     ☒ $  100.00  Deductible

**THE INSURANCE, IF ANY, REFERRED TO IN THIS CONTRACT DOES NOT INCLUDE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS.**

**Optional Credit Insurance.** Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign and agree
to pay the additional cost, which will be included in the Amount Financed.

| Type | Premium | Term (months) | Signature |
|---|---|---|---|
| Credit Life | ☐ Single Coverage $ __N/A__  ☐ Joint Coverage $ __N/A__ | N/A | I want credit life insurance  ___Signature___ |
| Credit Disability | $ __N/A__ | N/A | I want credit disability insurance  ___Signature___ |

**CREDIT LIFE AND DISABILITY INSURANCE** If you elect credit insurance coverage and are accepted by the insurance company  the terms and conditions will be as
described in the policies or certificates issued by the insurance company  The original amount of the decreasing term credit life insurance will not exceed $ __N/A__
Credit disability insurance payments will equal the monthly payment amount but will not be more than $ __N/A__  Insurance Company __N/A__
**LIFE AND DISABILITY INSURANCE MAY NOT COVER THE ENTIRE AMOUNT DUE UNDER THIS CONTRACT  YOU MUST SEE YOUR POLICY OR CERTIFICATE FOR EXACT COVERAGE**

**YOU UNDERSTAND THAT THE CREDITOR OR HOLDER OF THIS CONTRACT EXPECTS TO PROFIT FROM THE SALE OF INSURANCE  YOU CONSENT TO THIS**

RECEIPT OF GOODS AND PROMISE TO PAY  You agree that you have received the vehicle and/or services described above, and have accepted delivery of the vehicle in good
condition You promise to pay to the Creditor at its address shown above the Amount Financed plus interest at the Annual Percentage Rate until paid in full by monthly payments
as shown above  The terms of this contract are printed on both sides of this document

**NOTICE TO THE BUYER:** 1. Do not sign this contract before you read it or if it contains any blank space  2  You are entitled to a completely
filled in copy of this agreement. 3. Under the law, you have the right to pay off in advance the full amount due and under certain conditions
obtain a partial refund of the credit service charge (Finance Charge)  4  According to law you have the privilege of purchasing the insurance
on the motor vehicle provided for in this contract from an agent or broker of your own selection.

You signed this RETAIL INSTALLMENT CONTRACT and received a copy on  NOVEMBER 9th , 2005.

Accepted  AIRPORT AUTO GROUP INC
          DBA FIVE TOWNS MITSUBISHI                    Signature of Buyer _____ (SEAL)

By _____ V.P. (SEAL)                         Signature of Co Buyer _____ (SEAL)
   Signature and Title

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt  An other owner is a person whose name is on the title to the vehicle but does not have
to pay the debt  The co buyer or other owner knows that the Creditor has a security interest in the vehicle and consents to the security interest

Other owner signs here _____          Address _____

| This contract is assigned with recourse under the terms of the  Seller's Assignment  on the reverse side | | | This contract is assigned without recourse or with limited recourse under the terms of the Seller's Assignment  on the reverse side  AIRPORT AUTO GROUP INC  DBA FIVE TOWNS MITSUBISHI | | |
|---|---|---|---|---|---|
| Seller | By | (if Corp or Partnership)  (Title) | Seller | By _____ (if Corp or Partnership) | (Title) V.P. |

NEW YORK MITSUBISHI (for use in the State of New York)
M 161 NY 01 (7 03)                    ORIGINAL  NOTICE  The terms of this contract are contained on both sides of this page

# Exhibit "C"

1    41222    New York State Department of Motor Vehicles    00221    122005

## NOTICE OF RECORDED LIEN

84- 941488

| I D Number | Year | Make |
|---|---|---|
| JA4LZ31F56U003656 | 2006 | MITSU |

| 3505 | GAS | 4 | SUBN | BL |
|---|---|---|---|---|
| Wgt./Lgth | Fuel | Cyl/Prop | Body/Hull | Color |

MMCA
PO BOX 91060
MOBILE AL        36691

Owner  If you have moved and have not yet notified this Department of your new address, cross out the address shown and print your new address in its place



### OWNER

DRAKEFORD, JOSEPHINE
55 E 99 ST
NEW YORK NY        10029

### ADDITIONAL LIENHOLDERS

The following information applies only to the lienholder shown in the box above

☐ Our security interest in the vehicle or boat described in this notice has been satisfied

☐ We have assumed ownership of this vehicle or boat  We are transferring ownership to

☐ We have assigned our security interest in this vehicle or boat to

Lien Filing Code

Name                              Date of Assignment

No and Street

City            State            Zip

Authorized Signature            Date

If you are the owner named on this notice, you can keep this notice with the Certificate of Title and when you sell the vehicle or boat, give the transferred Title AND this notice to the new owner  To obtain a lien-free Title before then, return your current Title, this lien notice and a $20 00 fee to the DMV, Title Bureau, 6 Empire State Plaza, Albany NY 12228-0330  (Check or money order should be made payable to the Commissioner of Motor Vehicles )

If you cannot locate the Title for the vehicle or boat, you must apply for a duplicate  You may apply for a duplicate by completing Form MV-902 (available at a DMV office or on our website at www.nysdmv com <http://www.nysdmv com/>) and mailing it with a $20 00 check or money order AND this lien notice to the DMV, Title Bureau at the above address

MV-901 (11/05)

# Exhibit "D"

UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOSEPHINE DRAKEFORD,                      :   CV-07-3488 (LBS)

                 Plaintiff,            :

         -against-                      :   **<u>AFFIDAVIT</u>**

CENTER ONE FINANCIAL SERVICES,            :

               Defendants.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STATE OF MISSOURI**   )
                    ) s.s.
**COUNTY OF ST. LOUIS**   )

I, Lawrence Stegall, being duly sworn deposes and says:

1.      That I am employed by Center One Financial Services, LLC (sued herein as Center One Financial Services) as director of Financial Services and as such I am familiar with the facts and circumstances of this case and am authorized to make this affidavit.

2.      Center One Financial Services LLC is a Delaware limited liability company and a wholly-owned subsidiary of World Omni Financial Corp., a Florida Corporation, which, in turn, is wholly owned by JM Family Enterprises, Inc. (a Delaware corporation). Center One Financial Services is not a government agency.

3.      The plaintiff in this action, Josephine Drakeford, purchased a 2006 Mitsubishi Outlander (vehicle identification number JA4LZ31F56U003656) from Airport Auto Group, Inc., doing business as Five Towns Mitsubishi ("Dealer"), which is located at 550 Burnside Avenue, Inwood, New York 11096. The purchase was transacted on November 8, 2005 and the plaintiff financed that purchase by signing a retail installment contract.

*Page 1 of 3*

4.    The aforementioned retail installment contract was sold and assigned to Mitsubishi Motors Credit of America ("MMCA"). The dealer then recorded a lien on the aforesaid vehicle in favor of MMCA. MMCA in turn sold and assigned the retail installment contract to Merrill Lynch Bank USA ("MLBUSA").

5.    MLBUSA then assigned the retail installment contract to, among others, Center One Financial Services, LLC for servicing. This assignment was made prior to the plaintiff, Josephine Drakeford, defaulting on the contract. Therefore, Center One Financial Services, LLC is not a debt collector as defined by the Fair Debt Collections Practices Act.

6.    Center One Financial Services, LLC never issued the flyer attached to the plaintiff's complaint. Nor does Center One Financial Services, LLC have any information or knowledge of the flyer other than that it was attached to the plaintiff's complaint.

7.    The Dealer, Airport Auto Group, Inc., doing business as Five Towns Mitsubishi is not an agent of MMCA, MLBUSA, or of Center One Financial Services, LLC.

8.    At no point did Center One Financial Services, LLC ever make false or otherwise defamatory statements concerning the plaintiff.

9.    Further the affiant sayeth naught.

LAWRENCE STEGALL

*Page 2 of 3*

STATE OF MISSOURI          )
                           ) s.s.
COUNTY OF ST. LOUIS        )

On August _____, 2007 before me personally came Lawrence Stegall to me known, who, by me duly sworn, did depose and say that deponent is a representative of Center One Financial Services, LLC, the corporation described herein, and which executed the foregoing **AFFIDAVIT**, and acknowledged to me that he/she executed same.

NOTARY PUBLIC

BEVERLY C. SCHNAEBTUCKSON
St. Charles County
My Commission Expires
March 8, 2008

*Page 3 of 3*

UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOSEPHINE DRAKEFORD,                 :    CV-07-3488 (LBS)

                Plaintiff,       :

         -against-             :    **ATTORNEY'S AFFIRMATION OF SERVICE PURSUANT TO CPLR § 2106**

CENTER ONE FINANCIAL SERVICES,      :

                Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      **JOSEPH A. H. MCGOVERN, ESQ.,** an attorney duly admitted to practice law before all the Courts of the State of New York, and an associate of the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, pursuant to Rule 2106 of the Civil Practice Law & Rules herein makes the following statements, under penalties of perjury:

      1.     That your affirmant is not a party to the above referenced action, is over the age of eighteen years, and is a resident of Westchester County, New York State.

      2.     That on the 6th day of August 2007, your affirmant did serve the within ***Notice of Motion to Dismiss and Supporting Exhibits*** upon:

JOSEPHINE DRAKEFORD
55 E. 99th Street, #8D
New York, New York 10029

the plaintiff pro se in this action, ***via first class mail*** at the above address designated by the plaintiff for that purpose by enclosing said papers in a secured, properly addressed envelope with sufficient postage attached thereto, and depositing same in a secure depository under the exclusive care and custody of the United States Postal Service located within the State of New York.

Dated:     New York, New York
            August 6, 2007

                              **JOSEPH A. H. MCGOVERN, ESQ.**

Index No.  CV-07-3488 (LBS)

John D. Morio
04575.00056

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPHINE DRAKEFORD,

                                                            Plaintiff,

                    -against-

CENTER ONE FINANCIAL SERVICES,

                                                            Defendants.

---

## NOTICE OF MOTION TO DISMISS

---

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*Attorneys For*   Defendant, CENTER ONE FINANCIAL SERVICES, LLC

*Office & Post Office Address, Telephone*
3 GANNETT DRIVE
WHITE PLAINS, NEW YORK 10604
(914) 323-7000

---

Dated:  August 6, 2007