UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------ x
JOSEPHINE DRAKEFORD,                             :   CV-07-3488 (LBS)

                 Plaintiff,      :

   -against-                                    :

CENTER ONE FINANCIAL SERVICES,                   :

                 Defendants.     :
------------------------------------------------ x


**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS PURSUANT TO RULE 12(b)(6)**


                 Respectfully submitted,

                 WILSON, ELSER, MOSKOWITZ,
                 EDELMAN & DICKER LLP
                 Attorneys for the Defendant
                 Center One Financial Services, LLC
                 150 East 42nd Street
                 New York, New York 10017-5639
                 Tel. No. (212) 490-3000
                 File No. 04575.00056


***On The Brief***
    Joseph A. H. McGovern
    John D. Morio

1625168.1

# TABLE OF CONTENTS

**Table of Authorities**.................................................................................................... ii

**Introduction and Preliminary Statement**.................................................................. 1

Point I:     The Standard For Granting a Rule 12(b)(6) Motion to Dismiss is Well Settled............................................................................................................. 2

Point II    Pursuant to The Well Settled Law of New York, The Plaintiff May Not Maintain Her Cause of Action for Defamation Against the Defendant........ 3

Point III:  The Plaintiff's Allegation That Her Fourth Amendment Rights May Have Been Violated Does Not Constitute a Cognizable Cause of Action as Center One Financial Services, LLC is Not a Government Agency, a Subdivision of a Government Agency or a Government Agent..................... 4

Point IV:   The Plaintiff's Complaint Fails to State a Cause of Action Under The Fair Credit Reporting Act.......................................................................................... 5

Point V:    The Plaintiff's Complaint Does Not State a Cause of Action Under the Fair Debt Collection Practices Act............................................................................ 6

**Conclusion**.................................................................................................................. 7

# TABLE OF AUTHORITIES

AUTHORITIES                                                                                     PAGE

*Statutes*

FRCP Rule 12................................................................................................  2

15 U.S.C. § 1681s-2......................................................................................  5

15 U.S.C. § 1692..........................................................................................  6-7

N.Y. Insurance § 5104..................................................................................  1, 5

*Case Law*

DiMezza v. First U.S.A. Bank,
    103 F.Supp.2d 1296 (D.N.M. 2000)...........................................................  6

Harris v. Allstate Insurance Co.,
    83 F.Supp.2d 423, 434 (S.D.N.Y. 2000)......................................................  3

Hayden. v. County of Massow,
    180 F.3d 42, 54 (2d Cir. 1999)....................................................................  2

Health Delivery Systems, Inc. v. Scheinman,
    42 A.D.2d 566 (2d Dep't 1973)...................................................................  3

McMillan v. Experion Information Services, Inc.,
    119 F.Supp.2d 84 (D. Conn. 2000)..............................................................  6

Olexy v. Interstate Assurance Co.,
    113 F.Supp.2d 1045 (S.D. Miss. 2000).........................................................  6

Ruggero v. Kavlich,
    411 F.Supp.2d 734 (N.D. Ohio 2005)..........................................................  6

Scutti Enterprises, LLC v. Parkplace Entertainment Corp.,
    322 F.3d 211, 214 (2d Cir. 2003).................................................................  2

Shapiro v. Central General Hospital, Inc.,
    251 A.D.2d 317 (2d Dep't 1998)..................................................................  3, 4

Taylor v. Vermont Department of Education,
    313 F.3d 768, 776 (2002).................................................................... 2

United States v. Jacobsen,
    466 U.S. 109, 113 (1984)................................................................... 4, 5

Walter v. United States,
    447 U.S. 649 (1980)........................................................................... 5

***Persuasive Sources***

43(a) New York Jurisprudence 2d, Defamation and Privacy § 43............. 2

1625168.1

## INTRODUCTION

In this action, the plaintiff seeks to recover damages for alleged defamation; alleged violations of her Fourth Amendment rights; and, alleged conspiracy to engage in unlawful business practices.

## PRELIMINARY STATEMENT

This is not a case that should be before this court. This matter deals with no more than plaintiff's own default on a contract for the sale of a motor vehicle. The plaintiff, Josephine Drakeford, purchased a new 2006 Mitsubishi Outlander from Five Towns Mitsubishi. She signed a retail installment contract for the purchase and took possession of the vehicle pursuant to the terms of the contract. Later, she defaulted on her payments. Based on a letter she wrote to the New York State Attorney General, which is attached as an exhibit to the plaintiff's complaint, Josephine Drakeford wrote to Five Towns Mitsubishi indicating that because her son was involved in an accident with the subject automobile, she no longer wanted the vehicle and was unable to pay for it.

The retail installment contract was sold and assigned by five Towns Mitsubishi to Mitsubishi Motors Credit of America ("MMCA") which then filed a lien for the vehicle in favor of MMCA. MMCA then sold and assigned the contract to the defendant herein, Center One Financial Services, LLC (hereinafter, "Center One"). This assignment was done prior to the plaintiff defaulting on her contractual obligations. Once the plaintiff defaulted on her payments, Center One caused the car to be repossessed, caused it to be sold and attempted to collect the

remaining balance due on the contract from the plaintiff. To date, the plaintiff has not paid her debt.

The plaintiff has now filed an action against Center One alleging violations of her Fourth Amendment rights, defamation, conspiracy to engage in unlawful business practices and that these actions damaged the plaintiff's credit rating. The plaintiff's complaint, however, does not state a cause of action upon which relief may be granted. The complaint therefore should be dismissed.

## FACTUAL BACKGROUND

The pertinent facts are set forth in the accompanying Rule 56.1 Statement dated August 6, 2007.

**POINT I:   THE STANDARD FOR GRANTING A RULE 12(b)(6) MOTION TO DISMISS IS WELL SETTLED**

This court must accept as true all factual allegations in a complaint in favor of the Plaintiff when ruling on a motion to dismiss under FRCP 12(b)(6). Scutti Enterprises, LLC v. Parkplace Entertainment Corp., 322 F.3d 211, 214 (2d Cir. 2003). In considering a motion to dismiss, the court is generally limited to the facts as presented within the four corners of the complaint, to documents attached to the complaint, or to documents incorporated within the complaint by reference. Taylor v. Vermont Department of Education, 313 F.3d 768, 776 (2002), *citing,* Hayden. v. County of Massow, 180 F.3d 42, 54 (2d Cir. 1999). Applying these standards to the instant action, this court is obliged to treat all the allegations in the complaint as true and must also accept as true the documents attached to the Complaint.

**POINT II:   PURSUANT TO THE WELL SETTLED LAW OF NEW YORK, THE PLAINTIFF MAY NOT MAINTAIN HER CAUSE OF ACTION FOR DEFAMATION AGAINST THE DEFENDANT**

The plaintiff alleges that she was defamed as the result of the actions of Center One in collecting a debt. However, plaintiff has failed to plead her defamation cause of action with the requisite specificity required under New York law. A statement that a person owes a debt that is overdue or refuses to pay a debt is not actionable per se, and it does not render the publisher liable without proof of special damages. *See, e.g.* 43(a) New York Jurisprudence 2d, Defamation and Privacy § 43 at pages 258-59.

Likewise, pursuant to Section 3016(a) of New York's Civil Practice Law and Rules, defamation claims must be pled with particularity, including all allegations of the exact words claimed to have been defamatory and the specific person to whom these words were communicated. *See,* CPLR § 3016 (Consol. 2007). A failure to comply with Section 3016 constitutes grounds for dismissal of a defamation claim. *See, e.g.,* <u>Shapiro v. Central General Hospital, Inc.</u>, 251 A.D.2d 317 (2d Dep't 1998); *see also,* <u>Health Delivery Systems, Inc. v. Scheinman</u>, 42 A.D.2d 566 (2d Dep't 1973) ("Where no attempt has been made to set forth the alleged slander or libel *in haec verba*, the cause must be dismissed").

The elements for a common law cause of action for defamation are as follows: (1) A false statement; (2) published without privilege or authorization; (3) constituting fault by at least a negligence standard; (4) causing special harm. Truth is a complete defense to a cause of action for defamation. *See, e.g.,* <u>Harris v. Allstate Insurance Co.</u>, 83 F.Supp.2d 423, 434 (S.D.N.Y. 2000).

1625169.1

In the instant action, the plaintiff has failed to allege any specific special damages. She has also failed to allege specific words that were communicated when the defendant reported the outstanding debt to a credit reporting agency. Thus, based on the plaintiff's failure to specify what words were communicated, to whom the words were communicated, and what special damages were caused by the communications, the plaintiff has failed to plead a cause of action for defamation. Her Complaint must be dismissed pursuant to the precedent set by the Court in Shapiro v. Central General Hospital, Inc., *supra*.

**POINT III    THE PLAINTIFF'S ALLEGATION THAT HER FOURTH AMENDMENT RIGHTS HAVE BEEN VIOLATED DOES NOT CONSTITUTE A COGNIZABLE CAUSE OF ACTION AS CENTER ONE FINANCIAL SERVICES LLC IS NOT A GOVERNMENT AGENCY NOR DID CENTER ONE ACT AT THE BEHEST OF ANY GOVERNMENT ENTITY**

In her complaint, the plaintiff alleges that her Fourth Amendment rights have been violated by the defendants, though she does not specify just which rights protected by the Fourth Amendment have been affected. Moreover, the allegation that Center One has violated the plaintiff's Fourth Amendment rights does not constitute a cognizable cause of action as the defendant is not a governmental subdivision or an agent of the government.

The text of the Fourth Amendment protects two types of expectations, one involving "searches," the other "seizures." United States v. Jacobsen, 466 U.S. 109, 113 (1984). A "search" occurs when an expectation of privacy that society is prepared to consider reasonable is infringed. Id. A "seizure" of property occurs when there is some meaningful interference with an individual's possessory interests in that property. Id. More importantly, this protection proscribes only governmental action; "it is wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the government or

with the participation or knowledge of any governmental official." 466 U.S., at 113-14 *citing* Walter v. United States, 447 U.S. 649, 662 (1980).

This case does not deal with government action, but instead deals with a simple contract for the sale of a car. The contract was entered into by a consumer and a car dealership. The contract was subsequently assigned to the defendant Center One in order to service the contract. Later, the plaintiff defaulted on her contractual obligations. Not one of the actors involved in this matter is a governmental agency or subdivision. Therefore, the plaintiff's unsupported and unspecific allegations of a violation of her Fourth Amendment rights does not constitute a cause of action upon which relief can be granted.

**POINT IV:   THE PLAINTIFF'S COMPLAINT FAILS TO STATE A CAUSE OF ACTION UNDER THE FAIR CREDIT REPORTING ACT**

Conceivably, the plaintiff may attempt to claim that her complaint states a cause of action pursuant to the Fair Credit Reporting Act (codified as 15 U.S.C. § 1681s-2) even though the complaint fails to reference that statute either by name or by code section. The Fair Credit Report Act ("FCRA") creates only two potential causes of action that can be asserted against persons or corporations that furnish credit reporting agencies with information. It also creates additional causes of action against credit reporting agencies. Center One, however, is not a credit reporting agency. The two duties created by 15 U.S.C. § 1681s-2 which apply to those who furnish information to credit reporting agencies deal with: (1)The duty to accurately report credit information; and (2) the duty created when notice is received that there is a dispute as to the completeness or the accuracy of the information provided to the credit reporting agency.

1625169.1

It is well settled law, that only federal and state agencies have a right to bring a cause of action as against furnishers of credit information for violations of 15 U.S.C. § 1681s-2. There is no private cause of action against those who furnish information. *See, e.g.,* McMillan v. Experion Information Services, Inc., 119 F.Supp.2d 84, 86-87 (D. Conn. 2000); *see also,* DiMezza v. First U.S.A. Bank, 103 F.Supp.2d 1296 (D.N.M. 2000); Ruggero v. Kavlich, 411 F.Supp.2d 734 (N.D. Ohio 2005); Olexy v. Interstate Assurance Co., 113 F.Supp.2d 1045, 104_ (S.D. Miss. 2000). Finally, the FCRA places the burden on consumer reporting agencies not on those who report information to such agencies.

In the instant action, Center One is clearly not a credit reporting agency but is, instead, only a furnisher of information. Because the plaintiff does not possess an individual cause of action as against Center One, the court should dismiss any cause of action that may be claimed to exist under the FCRA.

**POINT V:  THE PLAINTIFF'S COMPLAINT DOES NOT STATE A CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT**

It is also conceivable that the plaintiff may attempt to claim that her complaint states a cause of action under the Fair Debt Collection Practices Act (codified as 15 U.S.C. § 1692[e]). However, the Fair Debt collection Practices Act ("FDCPA") is inapplicable to the instant action as Center One is not a "debt collector" as that term is defined by that statute.

The FDCPA places various burdens on debt collectors. For example, the FDCPA prohibits a debt collector from sending threatening or harassing correspondence to debtors or to threaten to take legal actions that cannot be taken or which are not really contemplated to be taken. *See, e.g.,* 15 U.S.C. § 1692(e). However, the FDCPA applies only to debt collectors as

the term "debt collector" is defined by 15 U.S.C. § 1692a. Section 1692a provides in pertinent part as follows:

> The term "debt collector" * * * **does not include** * * *(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; **(iii) concerns a debt which was not in default at the time it was obtained by such person;** or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a (emphasis added).

In the instant matter, Center One was assigned the servicing of the retail sales contract prior to the plaintiff's default on her debt. Therefore, pursuant to Section 1692a, Center One is not a debt collector as defined by the statute.

Clearly, the FDCPA is meant to apply to those businesses which routinely collect debts that are in default on behalf of others and is not meant to regulate the business practices of actual creditors. In the instant case, it is clear that Center One is not acting as a debt collector. It was assigned the retail installment contract for servicing prior to the plaintiff's default on her obligations. Therefore, the FDCPA clearly does not apply, and the plaintiff's complaint cannot be deemed to assert a cause of action under this statute.

## CONCLUSION

Clearly, this is not a matter that should be before this court. The plaintiff contracted to buy a motor vehicle. She took possession of the automobile and obtained the benefit of the

contract. Center One was assigned the contract for serving. After the assignment, the plaintiff's son was apparently involved in an accident and, according to the documentary evidence attached to her complaint, the plaintiff simply decided she no longer wanted the vehicle and could no longer afford to make the payments. She defaulted on her contractual obligation to make payments on the car. Center One then caused the vehicle to be repossessed, caused it to be sold and attempted to collect the balance due on the contract. This is a normal business transaction that occurs when parties default on their contractual obligations.

The plaintiff has failed to state a cause of action for slander with the particularity required by New York's Civil Practice Law and Rules. She has failed to state a cause of action for the alleged violations of her Fourth Amendment Rights. There is no private cause of action created by the Fair Credit Reporting Act and there is no cause of action pursuant to the Fair Debt Collection Practices Act as the defendant herein is not a debt collector as that term is defined by statute. Therefore, because the plaintiff's complaint fails to set forth a cause of action upon which relief may be granted, the court should dismiss the plaintiff's action.

**WHEREFORE**, it is respectfully requested that the within motion be granted in its entirety together with such other and further relief as this Court deems just and proper.

Dated:   White Plains, New York
         August 6, 2007

                                    Respectfully submitted,

                          WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                          _____
                          By: John D. Morio (JM 9588)
                          Attorneys for the Defendants
                          150 East 42nd Street
                          New York, New York 10017-5639
                          Tel. No.: (212) 490-3000
                          File No.: 04575.00056

To:   JOSEPHINE DRAKEFORD
      *Plaintiff Pro Se*
      55 E. 99th Street, #8D
      New York, New York 10029
      Tel No.: (646) 672-1995

-9-

1625169.1

UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
JOSEPHINE DRAKEFORD,  :  CV-07-3488 (LBS)

               Plaintiff,  :

  -against-  :  **ATTORNEY'S AFFIRMATION OF SERVICE PURSUANT TO CPLR § 2106**

CENTER ONE FINANCIAL SERVICES,  :

              Defendants.  :
---------------------------------x

    **JOSEPH A. H. MCGOVERN, ESQ.**, an attorney duly admitted to practice law before all the Courts of the State of New York, and an associate of the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, pursuant to Rule 2106 of the Civil Practice Law & Rules herein makes the following statements, under penalties of perjury:

    1.    That your affirmant is not a party to the above referenced action, is over the age of eighteen years, and is a resident of Westchester County, New York State.

    2.    That on the 6th day of August 2007, your affirmant did serve the within *Memorandum of Law in Support of Motion to Dismiss* upon:

JOSEPHINE DRAKEFORD
55 E. 99th Street, #8D
New York, New York 10029

the plaintiff pro se in this action, *via first class mail* at the above address designated by the plaintiff for that purpose by enclosing said papers in a secured, properly addressed envelope with sufficient postage attached thereto, and depositing same in a secure depository under the exclusive care and custody of the United States Postal Service located within the State of New York.

Dated:   New York, New York
           August 6, 2007

                                     _____
                                     JOSEPH A. H. MCGOVERN, ESQ.

1659825.1

Index No. CV-07-3488 (LBS)  John D. Morio
04575.00056

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPHINE DRAKEFORD,

                                                Plaintiff,

-against-

CENTER ONE FINANCIAL SERVICES,

                                                Defendants.

---

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

---

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

*Attorneys For* Defendant, CENTER ONE FINANCIAL SERVICES, LLC

*Office & Post Office Address, Telephone*
3 GANNETT DRIVE
WHITE PLAINS, NEW YORK 10604
(914) 323-7000

---

Dated: August 6, 2007