UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JOSEPHINE DRAKEFORD,                          :    CV-07-3488 (LBS)

                      Plaintiff,          :

    -against-                                             :

CENTER ONE FINANCIAL SERVICES,         :

                    Defendants.         :
------------------------------------------------------------ x


## DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) FOR FAILURE TO STATE A CAUSE OF ACTION


                                      Respectfully submitted,

                                      WILSON, ELSER, MOSKOWITZ,
                                      EDELMAN & DICKER LLP
                                      Attorneys for the Defendant
                                      Center One Financial Services, LLC
                                      150 East 42nd Street
                                      New York, New York 10017-5639
                                      Tel. No. (212) 490-3000
                                      File No. 04575.00056


*On The Brief*
    Joseph A. H. McGovern
    John D. Morio


1679091v.1

## PRELIMINARY STATEMENT

The plaintiff has opposed the defendant's motion to dismiss for failure to state a cause action (brought pursuant to Section 12 [b] [6] of the Federal Rules of Civil Procedure) by submitting an affirmation in opposition and a separate memorandum of law. In her papers the plaintiff claims that her complaint should not be dismissed because it makes out valid claims for fraud, conspiracy and defamation. Plaintiff is in error. The complaint does not make out a valid cause of action against Center One Financial Services ("Center One") for fraud, conspiracy or defamation. Therefore, pursuant to New York law, this action should be dismissed.

The plaintiff has not opposed that branch of the defendant's moving papers which assert that no cause of action exists pursuant to the Fair Credit Reporting Act, the Fair Debt Collection Practices Act or for alleged violations of the Fourteenth Amendment. As the complaint fails to set forth a cause of action upon which relief can be granted by the court, it should be dismissed.

It should also be noted that in opposing the instant motion, the plaintiff has alleged that she was defrauded by the actions of Five Towns Mitsubishi, the automobile dealership from which the plaintiff purchased a 2006 Mitsubishi Outlander. However, the plaintiff has failed to bring an action against Five Towns Mitsubishi. Thus, if the plaintiff does possess any cause of action as against Center One, dismissal of the complaint in the instant action will not prejudice any right she may have to seek recovery from Five Towns Mitsubishi. Likewise, as Five Towns Mitsubishi is a corporation headquartered in New York State, the plaintiff may avail herself of the New York Courts.

This is not a case that belongs in Federal Court. The various legal authorities cited by the plaintiff and the unsupported claims of civil rights violations and common law torts should not

confuse the issues. The plaintiff purchased a car from an automobile dealership. The sales contract was sold by the dealership to a financing company, which was a purchaser in due course. The finance company then assigned the contract to Center One for servicing. The plaintiff later defaulted on her contractual obligations and Center One availed itself of its legal remedies. In opposing the instant motion, the plaintiff essentially agrees with these facts. The instant action, therefore, appears to be no more than an attempt by the plaintiff to escape the consequences of her own default on her contractual obligations.

**POINT I:   THE PLAINTIFF'S COMPLAINT DOES NOT MAKE OUT A COGNIZABLE CAUSE OF ACTION FOR FRAUD**

Plaintiff has alleged in her opposition papers that her complaint makes out a valid claim for common law fraud. Plaintiff is in error. "To establish a prima facie case for fraud, plaintiffs would have to prove that '(1) defendant made a representation as to a material fact; (2) such representation was false; (3) defendants intended to deceive plaintiff; (4) plaintiff believed and justifiably relied upon the statement and was induced by it to engage in a certain course of conduct; and (5) as a result of such reliance plaintiff sustained pecuniary loss.'" Ross v. Louise Wise Servs., Inc., 8 N.Y.3d 478, 488 (2007) *citing* Juman v. Louise Wise Servs., Inc., 159 Misc.2d 314, 320 (Sup. Ct., New York Cty. 1994) *aff'd* 211 A.D.2d 446 (1st Dep't 1995). "The essential elements of a cause of action for fraud are 'representation of a material existing fact, falsity, scienter, deception and injury'" Friedman v. Anderson, 23 A.D.3d 163 (2005) *citing* New York Univ. v. Continental Ins. Co., 87 N.Y.2d 308, 318 (1995) *and* Channel Master Corp. v. Aluminum Ltd. Sales, 4 N.Y.2d 403, 407 (1958). A plaintiff must show that a defendant knowingly uttered a false statement with the intention of depriving the plaintiff of a specific benefit, thereby deceiving and damaging him. Friedman v. Anderson, *supra citing* Channel Master Corp. v. Aluminum Ltd Sales, 4 N.Y.2d, at 406-407.

In the instant action, the plaintiff has admitted that Center One had no part in the initial sales transaction. Likewise, plaintiff has admitted that she defaulted on her contractual obligation to make payments on the automobile loan. Thus, the plaintiff cannot establish any of the five elements needed to prosecute a claim for fraud as against Center One.

**POINT II:    NEW YORK LAW REQUIRES PLEADING WITH PARTICULARITY FOR ACTIONS FOR FRAUD AND CONSPIRACY TO COMMIT FRAUD**

Although New York does not require specificity in general pleadings, certain causes of action must be pled with particularity. Fraud and defamation are two such causes of action. Rule 3016 of the Civil Practice Law and Rules governs pleadings in an action for fraud. Rule 3016 provides in pertinent part as follows: "Where a cause of action or defense is based upon misrepresentation, fraud, mistake, willful default, breach of trust or undue influence, the circumstances constituting the wrong shall be stated in detail." CPLR § 3016(b) (Consol. 2007).

The New York State Supreme Court, Appellate Division has held that "a mere recitation of the elements of fraud is insufficient to state a cause of action." National Union Fire Ins. Co. v Robert Christopher Assoc., 257 A.D.2d 1, 9 (1st Dep't 1999). "Furthermore, a plaintiff seeking to recover for fraud and misrepresentation is required 'to set forth specific and detailed factual allegations that the defendant personally participated in, or had knowledge of any alleged fraud.'" Freidman, *supra, citing* Handel v. Bruder, 209 A.D.2d 282, 282-83 (1st Dep't 1994).

It is respectfully submitted, that because this is a substantive rule of law governing a state common law cause of action, that Section 3016 should be applied in the instant matter under the doctrine of Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938). In Erie, the court held that "Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State."

**POINT III:   BECAUSE THE PLAINTIFF'S COMPLAINT FAILS TO SET FORTH SPECIFIC FACTUAL ALLEGATIONS THAT CENTER ONE PARTICIPATED IN ANY FRAUDULENT ACTIVITY, THE COMPLAINT FAILS TO MAKE OUT A CAUSE OF ACTION FOR FRAUD**

Even if the court chooses not to apply Section 3016 of New York's Civil Practice Law and Rules and instead applies the arguably less stringent Federal Rules of Civil Procedure, the plaintiff's action still fails to state a cause of action for fraud. Pleadings in an action for fraud are governed by Rule 9(b) of the Federal Rules of Civil Procedure, which provides that "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

A failure to plead with particularity under Rule 9(b) will result in dismissal of a plaintiff's claim. *See, e.g.,* Concord Funds, Inc. v. Value Line, Inc., 2006 U.S. Dist. LEXIS 18759 (S.D.N.Y. 2006). Rule 9(b) "requires that fraud be pled with particularity." Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993). "Specifically, the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Id, *citing* Cosmas v. Hassett, 886 F.2d 11 (2d Cir. 1989). In the case at bar, the plaintiff's complaint fails to specify any of these enumerated requirements.

The plaintiff has failed to provide a clear and concise statement in her complaint setting forth any factual allegations from which it could be presumed that Center One knowingly uttered a false statement with the intention of depriving the plaintiff of a specific benefit, thereby deceiving and damaging her as required under New York law. *See,* Freidman v. Anderson, *supra*; Channel Master Corp. v. Aluminum Ltd Sales, *supra*. Likewise, the plaintiff in the case

at bar has failed to give a clear and concise statement of any factual allegations from which it could be determined that the defendant personally participated in, or had knowledge of any alleged fraud" as required by law. *See,* Freidman v. Anderson, *supra;* Handel v. Bruder, *supra.*

Based on the plaintiff's failure to allege that Center One specifically participated in any alleged fraud or that Center One had the intention to deprive the plaintiff of a specific benefit, and because the plaintiff failed to set forth any specific factual allegations that Center One personally participated in any alleged fraud, her complaint must be dismissed for failure to state a cause of action.

**POINT IV:   THE PLAINTIFF'S COMPLAINT FAILS TO STATE A COGNIZABLE CAUSE OF ACTION FOR CONSPIRACY TO COMMIT FRAUD**

Just as the plaintiff's complaint lacks the required specificity to maintain a cause of action for fraud, it also lacks the specificity required to maintain a cause of action for conspiracy to commit fraud. For such a cause of action to be validly asserted in New York, the law requires specificity in pleading. The case of Walters v. Pennon Associates, Ltd. (188 A.D.2d 596 [2d Dep't 1992]) provides an example of how New York courts should deal with generalized defamation claims. In Walters, the plaintiffs claimed that a defendant corporation failed to complete contracted work and thereby defaulted under the contract. Plaintiffs further alleged that the president of the defendant corporation collected sums of money from the plaintiffs upon the false representation that he would use such sums to discharge the claims of sub-contractors. The defendants moved to dismiss the complaint pursuant to Section 3211 of New York's Civil Practice Law and Rules on the grounds that the complaint failed to state a cause of action upon which relief could be granted. The trial court denied the motion. On appeal, the Appellate Division, Second Department reversed that part of the order pertaining to the fraud and

conspiracy to commit fraud claims because they lacked the specificity required by Section 3106 of the Civil Practice Law and Rules. In so ruling the court (Sullivan, J.) wrote, "The plaintiffs have alleged neither scienter nor reliance, and therefore have not satisfied the pleading requirements of CPLR 3013 and 3016." Id., citing Barclay Arms v. Barclay Arms Assocs., 74 N.Y.2d 644 (1989). In the case at bar, just as in Walters, supra, the plaintiff has failed to plead the exact circumstances that constituted the common law cause of action of fraud or conspiracy to commit fraud. Without specifying how and when Center One conspired to commit fraud, the plaintiff's complaint is fatally deficient.

In her opposition papers the plaintiff admits that Center One was not a participant in the original sales discussions. Therefore, Center One could not have made any misrepresentation of a material fact that the plaintiff could have relied on. Likewise, the plaintiff has not alleged any specific course of conduct that Center One engaged in other than validly attempting to collect on a debt that the plaintiff defaulted on. This does not constitute a conspiracy.

### POINT IV: CONTRARY TO THE PLAINTIFF'S ASSERTION, NO INDEPENDENT CAUSE OF ACTION FOR CIVIL CONSPIRACY EXISTS IN NEW YORK

In her opposition papers, the plaintiff suggests that an independent cause of action may exist for civil conspiracy (see, Drakeford Affirmation, p. 6). Plaintiff is in error; no such cause of action is recognized at law in New York.

In support of her argument that an independent cause of action exists for civil conspiracy, the plaintiff cites to the case of Hoon v. Pate Construction Company (607 So 2d 423 [Fla. Ct. of Apps. 4th Dist. 1992). However, the Hoon case deals only with the common law of Florida and it is not applicable in New York. No New York court of record has cited to the Hoon decision.

In fact, the courts in New York have specifically eschewed creating such a common law cause of action.

In the case of Walters v. Pennon Associates, *supra,* the Appellate Division ruled that civil conspiracy was not recognized as an independent tort in New York. 188 A.D.2d 596, *citing* Schlotthauer v. Sanders, 143 A.D.2d 84 (2d Dep't 1988). In Schlotthauer the Appellate Division, Second Department ruled that "It is well settled that there is no independent tort of civil conspiracy recognized in this State." 143 A.D.2d, at 85 *citing* Chiaramonte v. Boxer, 122 A.D.2d 13 (2d Dep't 1986); *see also,* Burns Jackson Summit Miller & Spitzer v. Lindner, 88 A.D.2d 50 2d Dep't 1982) *aff'd* 59 N.Y.2d 314.

Thus, because no independent cause of action for civil conspiracy is recognized by the courts in New York, the plaintiff's argument that her complaint should not be dismissed because it makes out a colorable claim for civil conspiracy must be rejected.

**POINT V:   CONTRARY TO PLAINTIFF'S SUGGESTION, SHE HAS FAILED TO PLEAD WITH SUFFICIENT PARTICULARITY THE ELEMENTS OF A COGNIZABLE CAUSE OF ACTION FOR DEFAMATION**

In its initial moving papers, the defendant Center One argued that the plaintiff's complaint failed to state with particularity all allegations of the exact words claimed to have been defamatory and the specific person to whom these words were communicated. In her opposition, the plaintiff argued that the exhibits attached to her complaint were sufficient to meet this requirement. Exhibit "A" to the plaintiff's complaint is a credit report from Trans Union. Under the heading of "Adverse Accounts" the credit report shows an entry for Center One Financial Services. The payment status of that account is listed as "discharged off as bad debt." The credit report is not a statement of the defendant Center One and appears merely to be Trans Union's

own words and its own interpretation of the plaintiff's default on her contractual obligation. Because Exhibit "A" of the plaintiff's complaint does not purport to be a statement made by Credit One, it cannot qualify as a particularization of an alleged defamatory statement made by Credit One as required by Section 3016.

Likewise, a statement that a person owes a debt that is overdue or refuses to pay a debt is not actionable per se, and it does not render the publisher liable without proof of special damages. *See, e.g.* 43(a) New York Jurisprudence 2d, Defamation and Privacy § 43 at pages 258-59. Rather, a statement concerning the plaintiff's failure to pay an alleged debt, such as one that is contained in a letter from a corporate defendant to the plaintiff, merely constitutes an ordinary business communication and falls far short of constituting defamation as a matter of law in the absence of a showing of special damages. Wilson v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 111 A.D.2d 807 (2d Dep't 1985) aff'd 66 N.Y.2d 988. In the case at bar, the plaintiff has failed to state with any particularity that she has sustained special damages. Though she alleges that she will not be able to obtain a credit card or buy a house, she admits that she is unemployed. Likewise, she does not state that she applied for a credit card and was denied credit. Nor does she state that she attempted to buy a house or lease a car; she merely states that she would be unable to. Therefore, her claims amount to nothing more than speculation and cannot constitute specific special damages as required by law.

Section 3016(a) of New York's Civil Practice Law and Rules, provides that defamation claims must be pled with particularity, including all allegations of the exact words claimed to have been defamatory and the specific person to whom these words were communicated. *See,* CPLR § 3016 (Consol. 2007). A failure to comply with Section 3016 constitutes grounds for

dismissal of a defamation claim. *See, e.g.,* Shapiro v. Central General Hospital, Inc., 251 A.D.2d 317 (2d Dep't 1998).

Even under the arguably less stringent Federal Rules of Civil Procedure, the plaintiff's complaint fails to state a cause of action for defamation. Rule 8 of the Federal Rules requires allegations of defamation that are "simple, concise, and direct," allowing the defendant sufficient notice of the communications complained of to allow the defendant to defend him or herself. Odom v. Columbia Univ., 906 F. Supp. 188, 196-97 (S.D.N.Y. 1995); Kelly v. Schmidberger, 806 F.2d 44, 46 (2d Cir. 1986). To fulfill this standard, the plaintiff must specify who made the statements, when they were made and in what context, whether they were made to a third party, and whether they were written or oral. *See,* Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 762 (2d Cir. 1990) (dismissing defamation complaint because plaintiff failed to plead the words actually spoken, publication, or damages), *cert. denied,* 499 U.S. 943, 111 S.Ct. 1404, 113 L. Ed. 2d 459 (1991); Wanamaker v. Columbian Rope Co., 713 F. Supp. 533, 545 (S.D.N.Y. 1989) (dismissing defamation claim because plaintiff did not articulate who made the statements, when they were made, in what context, whether they were written or oral, and whether they were published to a third party), *aff'd,* 108 F.3d 462 (2d Cir. 1997). Even under the less stringent requirements of the Federal Rules, plaintiff's claim for defamation cannot survive the instant motion. Short of conjecture, she has not indicated in her complaint who made the statements, to whom they were made, the exact words said or whether the statements were written or oral. A reference to a statement in a credit report prepared by a third party does not constitute "simple, concise, and direct" statements that allow Center One an opportunity to defend itself.

Finally, it must be noted that the plaintiff in her opposition admits that she defaulted on her contractual obligations to pay off her automobile loan. Therefore, any communication to a

credit reporting agency that the plaintiff had failed to pay her debt must be deemed to be true. Truth is an absolute defense to a cause of action based on defamation. *See, e.g.*, Cahill v. County of Nassau, 17 A.D.3d 497, 498 (2d Dep't 2005); Dillon v. City of New York, 261 A.D.2d 34 (1st Dep't 1999). Because the plaintiff has admitted that she defaulted on her loan and has alleged that Center One did no more than report this fact to a credit reporting agency, no cause of action can lie for defamation and the complaint must therefore be dismissed.

## CONCLUSION

At the heart of this matter is the plaintiff's default on her car loan. The plaintiff bought a car and later decided that she would not make payments on her automobile loan. Center One, as the assignee of the sales contract, then caused the vehicle to be repossessed, caused it to be sold and attempted to collect the balance due on the contract. This is a normal business transaction that occurs when parties default on their contractual obligations; it is not a federal case.

The plaintiff has failed to state a cause of action for slander with the particularity required by New York's Civil Practice Law and Rules. She has likewise failed to state a cause of action for fraud or conspiracy to commit fraud with the particularity required by either the CPLR or the FRCP. Therefore, because the plaintiff's complaint fails to set forth a cause of action upon which relief may be granted, the court should dismiss the plaintiff's action.

**WHEREFORE**, it is respectfully requested that the instant motion be granted in its entirety together with such other and further relief as this Court deems just and proper.

Dated:   White Plains, New York
         September 4, 2007

                                                    _____
                                                    JOHN D. MORIO (JM 9588)

1678868v.1                              - 10 -

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF WESTCHESTER        )

      I, Desiree De Crescenzo, being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in Westchester County, New York.

That on the 5th day of September 2007 deponent served the within **DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) FOR FAILURE TO STATE A CAUSE OF ACTION** upon;

    Ms. JOSEPHINE DRAKEFORD
    55 E. 99th Street, Apt. 8D
    New York, New York

at the address designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper in an official repository of the United States Postal Service for first class mailing within the State of New York.

                                                            _____
                                                            DESIREE DE CRESCENZO

Sworn to before me this
5th day of September 2007

_____
Notary Public

                EUNICE PUGH
      Notary Public, State of New York
             No. 01PU6102701
        Qualified in New York County
    Commission Expires December 8, 2007

1683441v.1

Index No. CV-07-3488 (LBS)

John D. Morio
04575.00056

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPHINE DRAKEFORD,

                                                    Plaintiff,

-against-

CENTER ONE FINANCIAL SERVICES,

                                                    Defendants.

## REPLY MEMORANDUM OF LAW

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*Attorneys For* Defendant, CENTER ONE FINANCIAL SERVICES, LLC

*Office & Post Office Address, Telephone*
3 GANNETT DRIVE
WHITE PLAINS, NEW YORK 10604
(914) 323-7000

Dated: August 6, 2007